IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SANDRA THOMAS,

        Plaintiff,

        v.                                              Civil Action No. 3:05-CV-71

PARTICIA Y. OKITA,
        Defendant.

## REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS BE DENIED

### I. Introduction

A.    <u>Background</u>.

Plaintiff filed this action against Defendant on June 16, 2005, in the Circuit Court of Jefferson County, West Virginia. The complaint alleges that Plaintiff and Defendant agreed to buy certain real property in October 1999 with each owning an undivided one-half interest. It further alleges that Defendant would pay the entire consideration and that Plaintiff would board and train Defendant's horses and layups for her one-half interest. Plaintiff seeks to have defendant convey to her an undivided one-half interest in the properly. Defendant removed the action to this court on June 30, 2005 and filed a motion to dismiss on July 5, 2005. The Honorable W. Craig Broadwater, U.S. District Court Judge, referred the motion to dismiss to me on August 2, 2005. An evidentiary hearing and argument was set for August 18, 2005 and continued to September 7, 2005 at the request of counsel for Plaintiff. The evidentiary hearing was held on September 7, 2005.

B.    <u>The Motion</u>.

Defendant's Motion to Dismiss.[1]

C.    <u>Recommendation</u>. I recommend that Defendant's Motion to Dismiss be DENIED because Plaintiff has stated a claim rendering the complaint sufficient to withstand dismissal under Fed. R. Civ. P. 12(b)(6). Further, matters outside the pleadings were placed in evidence at the hearing and genuine issues of material fact exist.

## II. Facts

A complete recitation of the facts is not necessary for the resolution of the pending motion. However, the following facts are relevant to the issues raised by the parties.

1. Defendant has been friends with Plaintiff since 1988.

2. Since 1999, Plaintiff has been training Defendant's race horses in various locations in West Virginia and was paid for her services.

3. In October 1999, Defendant bought the 17.5 acres of property at issue for the purposes of retirement.

4. The property was titled only in Defendant's name.

5. There is no written agreement suggesting that Defendant is entitled to ½ interest of the property.

6. In May 2002, Plaintiff's mobile home was placed on the property at issue.

7. Plaintiff and her husband have resided in the mobile home since May 2002.

8. In 2003, Defendant created easements for utilities.

---

[1] Docket No. 2.

## III. The Motion to Dismiss

A. Contentions of the Parties.

Defendant contends that complaint fails to state a claim upon which relief may be granted because, under the applicable law of the State of West Virginia, Plaintiff's claim is barred by the Statute of Frauds. Specifically, defendant contends that the alleged agreement was oral. The Statute of Frauds requires any contract for the sale of land to be in writing and signed by the party to be charged. Defendant further contends that none of the exceptions to the Statute of Frauds are applicable in this case.

Plaintiff contends that the applicable exception to the Statute of Frauds is that there has been part performance of the parol agreement and that refusal to enforce the contract would constitute a fraud upon Plaintiff. Plaintiff further contends there are genuine issues of material fact, which prevent this action from being decided on a motion to dismiss.[2] Finally, Plaintiff contends that there is a second exception to the Statute of Frauds, which will enforce an oral promise to convey real estate based upon personal services, if the agreement would change the entire course of the life or work of the promisee.

B. Standards.

---

[2] Plaintiff in this case argues that "the argument advanced by the Defendant to dismiss the Complaint is essentially a factual controversy," Pl's Br. at 1, the standard for a motion for summary judgment. As a general rule, if materials "outside the pleading[s] are presented to and not excluded by the court, the motion shall be treated as one for summary judgment..., and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed.R.Civ.P. 12 (b). In this case, whether the motion to dismiss is subject to conversion to a motion for summary judgment, the result is the same. Even if the testimony at the evidentiary hearing converts the motion to dismiss to a motion for summary judgment, there remain genuine issues of material fact that can only be resolved by a jury.

1. <u>Statute of Frauds–Estates and Property</u>. W.Va. Code 36-1-3 provides that a contract for the sale of land is not enforceable unless in writing and signed by the party to be charged.

2. <u>Statute of Frauds–Exceptions–Conduct of Party</u>. The conduct of a party may remove agreement from the operation of the Statue of Frauds. <u>Ross v. Midelborg</u>, 42 S.E.2d 185 (1947).

3. <u>Statute of Frauds–-Only Goes to Remedy</u>. A contract, which is not enforceable because it is barred by the Statute of Frauds, is not void for that reasons. <u>Id</u>.

4. <u>Statute of Frauds–Possession and Improvements</u>. An oral contract for the sale of land is unenforceable unless there is a clearly proved agreement, accompanied by possession and valuable improvements of the property in reliance on the oral agreement. <u>Blair v. Dickinson</u>, 54 S.E.2d 828, <u>cert</u>. <u>denied</u>, 338 US. 900 (1949). <u>Cambell v. Fetterman's Heirs</u>, 20 W.Va. 398 (1882).

5. <u>Motion to Dismiss</u>. A Rule 12(b)(6) motion to dismiss "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir.1993). In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. <u>Advanced Health Care Servs., Inc. v. Radford Community Hosp.</u>, 910 F.2d 139, 143 (4th Cir.1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of

its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir.1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir.1989). In considering the motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993).

6. Motion to Dismiss–Purpose. Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990).

7. Motion to Dismiss Granted in Limited Circumstances. A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

8. Motion to Dismiss–Discretion of the Court. Finally, "[a] district court's dismissal under Rule 12(b)(6) is, of course, with prejudice, unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion." Carter v. Norfolk Community Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir. 1985).

9. Motion to Dismiss Distinguished from Motion for Summary Judgment. The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal

5

Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. 5A Wright & Miller, supra, § 1356 at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

      10.    <u>Motion to Dismiss–Conversion to Motion for Summary Judgment</u>. Rule 12(b)(6) requires that if the district court wishes to consider material outside the pleadings in ruling on a motion to dismiss, it must treat the motion as one for summary judgement and provide each party notice and an opportunity to submit affidavits or other additional forms of proof. Fed.R.Civ.P. 12(b)(6).

C. <u>Discussion</u>.

    The West Virginia Statute of Frauds, embodied in W.Va.Code, 36-1-3, provides:

> No contract for the sale of land, or the lease thereof for more than one year, shall be enforceable unless the contract or some note or memorandum thereof be in writing and signed by the party to be charged thereby, or by his agent. But the consideration need not be set forth or expressed in the writing, and it may be proved by other evidence.

    However, the Court in <u>Ross v. Midelburg</u>, 129 W.Va. 851, 851 (1947), stated that: "A party to an oral contract for the sale of land, to which the statute of frauds is applicable, may, by conduct on his part, be estopped in equity to assert the statute of frauds as a defense to such contract." One such exception, grounded in equity, is the doctrine of part performance. <u>Bennett v. Charles Corporation</u>, 226 S.E.2d 559, 564 (1976). In <u>Ballengee v. Whitlock</u>, 74 S.E.2d 780

6

(1953), the Court states, generally, that "[i]f there has been part performance of a contract for the sale of real estate, such contract may be enforced." Specifically, the Court in Campbell v. Fetterman's Heirs, 20 W.Va. 398, 403 (1882), discussed three things that must occur in order to justify the court in granting specific performance of a parol contract for land. The court stated that in a case where there had been an oral agreement, accompanied by payment of purchase money, possession and improvements, "it must appear: 1st. That the parol agreement relied on is certain and definite in terms; 2nd. The acts proved in part performance must refer to, result from, or be made in pursuance of the agreement proved; and 3rd. The agreement must have been so far executed that a refusal of full execution would operate a fraud upon the purchaser, and place him in a situation which does not lie in compensation at law." Moreover, in Gallagher v. Gallagher, 5 S.E.297, 299 (1888), the court held that: "In a suit by the purchaser for the specific execution of a parol contract for the sale of land the plaintiff must establish the contract alleged in his bill by a clear preponderance of evidence. If the evidence is conflicting, and it is not clear that a contract was in fact made, the court should dismiss the bill."

The Courts in West Virginia have also recognized that, although the mere payment of the purchase price may not be sufficient part performance to render an oral agreement for the sale of real properly enforceable, see Gibson v. Stalnaker, 106 S.E.243 (1921), such payment, in conjunction with possession of the property or improvement thereof by the vendee, is supportive of the application of the doctrine of part performance as an exception to the statue of frauds. Finally, the Court in Callaham v. First National Bank of Hinton, 30 S.E.2d 735, 738 (1944), summarized the doctrine of part performance as follows:

> Certain acts of part performance of verbal agreements for the sale of real estate

7

> have always been recognized in equity as taking a case out of the strict application of the statute of frauds. Code, 36-1-3. For example, payments of purchase money, in whole or in part, accompanied by possession of the land sold; or possession thereof, coupled with the placing of valuable improvements thereon by the purchaser, have always been held to justify a decree for the specific performance of a verbal agreement to convey real estate.... [T]he general rule may be stated to be that specific performance cannot be decreed on the ground of part performance, unless the acts are such that legal damages would not be adequate relief....

It must be emphasized that, in this case, the only issue is whether, viewing Plaintiff's complaint liberally, she can prove facts in support of her claim which would entitled her to relief.[3] In this case, considering the pleadings and the testimony of the parties, the court finds that the complaint contains sufficient information from which the court can infer that all the required elements of her claim are alleged. Further, Plaintiff's testimony, if believed by a jury, meets all three elements required to make a parol agreement enforceable. On the other hand, if Defendant's testimony is believed by a jury, Plaintiff cannot recover. This is the essence of a genuine issue of material fact.

As was stated above, in order for part performance to render an oral agreement for the sale of real properly enforceable, three conditions must be met: (1) The parol agreement must be definite in its terms; (2) the acts relied on as part performance must be attributable directly to the agreement; (3) the agreement must have been so far executed that a refusal of full execution would operate as a fraud upon the purchaser, and place him in a situation which does not lie in compensation at law. See Campbell v. Fetterman's Heirs, 20 W.Va. 398, 403 (1922). In her

---

[3] At the outset, it should be noted that Plaintiff's claims of oral contract and partial performance create a question of fact, which is not susceptible of resolution under a motion to dismiss for failure to state a claim. When there are disputed facts, a trial must be held. As was stated above, Rule 12 (b)(6) is not intended to be a mechanism for determining contested facts; rather, it is a device for testing whether, as a matter of law, a claim has been stated.

complaint, Plaintiff alleges that an oral contract was formed in October, 1999, when Plaintiff and Defendant agreed to purchase a parcel of real estate in Charles Town District of Jefferson County, West Virginia. According to Plaintiff, the consideration for the one-half undivided interest in the real estate was for Plaintiff to board and train Defendant's horses. Defendant was to pay all of the consideration for the purchase of the properly and the deed of trust, which would be required for the purchase money to purchase the real estate parcel. According to Plaintiff, she took possession of the property and boarded the parties' horses in October, 1999. Moreover, the complaint alleges that Plaintiff improved said real estate parcel by paying $3,000, her one-half of the contractor's fee, in order to install water, electrical and sewer lines laterals. It is further alleged that the property was also improved by Plaintiff's mobile home.[4] Thus, Plaintiff's claim has a basis in fact. Because the Federal Rules of Civil Procedure require "notice" pleading,[5] this statement of "fact" is sufficient.

The standard for granting a motion to dismiss is a high one. In this case, the Undersigned

---

[4] In this context, the questions of payment, use, possession and improvement become relevant considerations as to whether the oral agreement is enforceable under the doctrine of part performance. As was noted above, the terms of the parole contract must be certain and definite in its terms. See Campbell v. Fetterman's Heirs, 20 W.Va. 398 (1922). If so, then possession of the properly and valuable improvements to the property in reliance upon the oral agreement constitute sufficient part performance to enforce the parol agreement and allow specific performance.

[5] Rule 8 (a) requires a complaint to include: "(1) a short and plaint statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. (8)(a). The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." Swierkiewicz v. Zorema N.A., 534 U.S. 506, 514 (2002). Under this pleading system, a plaintiff must only "set forth facts sufficient to allege each element of his claim." Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002).

cannot say with certainty that Plaintiff is not entitled to relief on her claims against Defendant under any plausible legal theory. It is at least possible that, consistent with the allegations in her complaint, Plaintiff can establish through discovery the existence and the terms of the alleged oral contract. Likewise, it is possible that discovery will provide Plaintiff with the evidence necessary to support her claim based on part performance. Nothing in this opinion should be understood as expressing an opinion as to the likelihood of Plaintiff's ultimate success on her claims. As was stated above, the purpose of a Rule 12(b)(6) is to test the sufficiency of a complaint, not to resolve contests surrounding the facts, the merit of a claims, or applicability of defenses. See Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir.1999).

A motion to dismiss a claim should only be granted in very limited circumstances in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support Plaintiff's claim.

This Court finds that, in considering the pleadings and the testimony of the parties, Plaintiff has stated a claim upon which relief can be granted rendering the complaint sufficient to withstand dismissal under Fed. R. Civ. P. 12(b)(6). Further, a genuine issues of material fact exist that can only be resolved by trial.

## IV. Recommendation

Based on the foregoing, I recommend that Defendant's Motion to Dismiss be DENIED.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to

which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the Unites States District Court for the Norther District of West Virginia.

DATED: January 13, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE