**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**SANDRA THOMAS,**

    **Plaintiff,**

**v.**                                       **Civil Action No. 3:05CV71
(BROADWATER)**

**PATRICIA OKITA,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO DISMISS

Plaintiff Sandra Thomas originally filed this matter in the Circuit Court of Jefferson County, West Virginia, seeking to enforce an alleged oral contract granting her one-half undivided interest in a seventeen acre parcel of land located in Jefferson County, West Virgnia.. Defendant Patricia Okita timely removed the matter to this Court in June 2005. Presently before the Court is defendant Patricia Okita's motion to dismiss.[1] On August 2, 2005, this Court referred the instant motion to Magistrate Judge James E. Seibert for consideration and recommendation. On September 9, 2005, Magistrate Judge Seibert held an evidentiary hearing as to the motion. The Magistrate issued a Report and Recommendation on January 13, 2006. On January 30, 2006, the Defendant filed her objections to the Report. For the reasons set forth herein, the Court now adopts the Magistrate Judge's Report and denies the motion to dismiss.

---

[1] Although the Court's docket shows **two** Motions to Dismiss by the defendant, the motions are in actuality the same document which has been docketed twice, first as Document 2 and again as Document 4.

# I. Factual Background

Plaintiff alleges that she and the Defendant, who have been friends for almost twenty years, made an oral agreement to purchase a 17 ½ acre parcel of land in Charles Town. Plaintiff claims the parties agreed that Defendant would provide all of the purchase money for the land and that as consideration for her one-half undivided interest in the property, Plaintiff would board Defendant's horses on the land and train them at the horse track in Charles Town. In addition, Plaintiff claims she paid one-half of the contractor's fee in the amount of $3,000 to run water lines, electrical lines and sewer lines on the property.

Plaintiff alleges she began boarding the horses on the land in October 1999. According to the complaint, the Plaintiff boarded her own horses on the land as well, at no charge to her. The Plaintiff took possession of the land in May 2002, when she placed her mobile home on the parcel. She has continued to live on the land since that time. Finally, Plaintiff alleges that Defendant granted a utility right-of-way to one Fred Spain, who paid $20,000 for such easement and that Plaintiff received one half of that money, $10,000, for her being a one half owner of the property. Plaintiff alleges she has asked Defendant to convey one-half interest in the property to her but that Defendant refuses to do so. In relief, the Plaintiff requests the Court to construe a constructive trust or to impose specific performance.

# II. Applicable Law

## A. Motion to Dismiss

On a motion to dismiss for failure to state a claim, the court accepts as true, and views in a light most favorable to the plaintiff, the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957); *see also* Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A C. Wright & A. Miller, *Fed. Practice and Procedure* § 1356 (1990)). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief. McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996). A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) should be granted in only very limited circumstances. Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

**B.      Statute of Frauds**

West Virginia's Statute of Frauds provides that "No contract for the sale of land . . . shall be enforceable unless the contract or some note or memorandum thereof be in writing and signed by the party to be charged thereby." W.Va. Code 36-1-3. The purpose of the statute is to prevent fraud by requiring that a contract for the sale of real estate . . . be in writing. Harper v. Pauley, 81 S.E.2d 728 (1953). However, the conduct of a party may remove an agreement from the operation of the Statute of Frauds. Ross v. Midelborg, 42 S.E.2d 185 (1947). Therefore, certain equitable exceptions to the statute exist.

**1.      Statute of frauds defense may be barred by part performance**

One such exception to the statute of frauds is that of part performance. *See* Bennett v. Charles Corp., 226 S.E.2d 559 (1976) (finding a defendant may be estopped to assert the statute of frauds as a defense where certain limited circumstances, including that of part performance, exist). Courts have expanded upon this doctrine of part performance to find that three elements must exist before a court can order specific performance as to an oral contract for the sale of land. First, the oral agreement relied upon must be certain and definite in its terms. Second, the acts proved in part performance must refer to, result from, or be made in pursuance of the agreement proved; and third, the agreement must have been carried so far that a refusal of full execution would operate a fraud upon the purchaser, and place him in a situation which cannot be made whole by legal remedies. Campbell v. Fetterman's Heirs, 20 W.Va. 398, 403 (1882). *See also* Blair v. Dickinson, 54 S.E.2d 828, *cert. denied* 338 U.S. 900 (1949).

However, before a party can be estopped from relying on the statute of frauds, it must be proven that denying the existence of the contract would so damage and defraud the party seeking to enforce the agreement that he or she could not be adequately compensated in damages. Gallagher v. Gallagher, 5 S.E. 297, 299 (1888). Furthermore, if the evidence [as to the agreement] is conflicting, and it is not clear that a contract was in fact made, a bill for specific performance will be dismissed. Id. at 299 (citing Haskin v. Insurance Co., 78 Va. 700; Graham v. Hendren, 5 Munf. 185; Baldenberg v. Warden, 14 W. Va. 397.)

**2. Statute of frauds defense may be barred where plaintiff takes possession and makes "valuable and permanent improvements"**

Another exception to the statute of frauds exists when the purchaser has taken possession of the land and has made "valuable and permanent improvements" in reliance on the contract. Gibson v. Stalnaker, 106 S.E. 243, 246 (1921). However, "improvements that are merely temporary, of relatively slight value, and of little substantial benefit to the property, are not valuable improvements in this sense." Id. (finding that defendant's construction of a portable timber mill did not consist of a valuable and permanent improvement warranting enforcement of the alleged contract.)

**3. Statute of frauds defense may be barred where the consideration for the oral agreement consisted of personal services to be provided by the plaintiff**

In certain other cases, courts have found an exception to the statute of frauds where the consideration of the oral agreement was based upon personal services to be provided by the plaintiff, combined with possession, and where the result of said services was to change the life or work of the promisee on the faith of the contract to convey. *See* Bright v. Channels, 114 S.E. 513 (1922). However, the "services [must be] of such a peculiar character that it is impossible to estimate their value by any pecuniary standard." *See* Hurley v. Beattie, Admr., 126 S.E. 562 (1925) and Callaham v. First National Bank of Hinton, et al., 30 S.E.2d 735, 738 (1944) (finding no specific performance on account of services alone unless they are of "such a character as makes it impracticable, if not impossible, to estimate their

value in money." Furthermore, this rule is most commonly applied when the services involve intimate personal relations, such as the personal care of a close relative. *See* Hurley, 126 S.E. 562 (1925) and 4-18 *Corbin on Contracts* § 18.17.

### III.  Discussion

"A motion to dismiss. . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure § 1356 (1990). In ruling upon a motion to dismiss, the Court must view the complaint liberally and determine whether or not the Plaintiff can prove facts which support her claim.  The Court finds that the consideration of the Statute of Frauds and possible exceptions to it are best left decided at another time, when the parties have had the opportunity to engage in further discovery.  Although the Magistrate Judge held an evidentiary hearing and took testimony regarding this motion, the Court finds that additional discovery is necessary before the parties can submit mature motions for summary judgment to the Court for consideration.  Considering only the complaint and answer in this matter and the pleadings put forth as to the instant motion, the Plaintiff has provided sufficient information which would entitle her to relief and thus met the burden to survive a motion to dismiss.

### IV.  Decision

For the reasons stated above, the Court now **ADOPTS** the Magistrate Judge's Report insofar as the Motion to Dismiss **(Documents 2 and 4)** should be and is now **DENIED.**  The Court notes it did not consider any extraneous materials beyond the complaint, answer, and pleadings regarding the instant motion and therefore, the instant motion was not converted to one for summary judgment.

The Clerk is directed to transmit true copies of this order to counsel of record herein.

**DATED** this 29th day of **March 2006**.



W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE